Lisa S. Kantor, Esq. State Bar No. 110678
 e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
 e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
SUZANNA MCMAHAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNA MCMAHAN<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; and FARMERS GROUP, INC. MEDICAL PLAN,<br><br>Defendants. | CASE NO: **'11CV0063 L   BLM**<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Suzanna McMahan, herein sets forth the allegations of her Complaint against Defendants United Healthcare Insurance Company and Farmers Group, Inc. Medical Plan.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan administered by Defendant United Healthcare Insurance Company. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. Plaintiff, Suzanna McMahan ("McMahan"), is and was at all times relevant, a resident in the City of Santee, California.

3. Plaintiff, through her employment, was at all times relevant a covered participant under the Farmers Insurance, Inc. Medical Plan ("Plan"), an employee welfare benefit plan regulated by ERISA, and pursuant to which Plaintiff is entitled to health care benefits.

4. Plaintiff is informed and believes that Defendant Farmers Insurance, Inc. Medical Plan ("Plan") is an employee welfare benefit plan established by Farmers Insurance Inc. Defendant Farmers Insurance, Inc. Medical Plan is authorized to transact and transacting business in this judicial district, the Southern District of California, in that it covers employees residing in this judicial district, and can be found in the Southern District of California.

5. Plaintiff is informed and believes that Defendant United Healthcare Insurance Company ("United") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in this judicial district, the Southern District of California, and can be found in the Southern

District of California. United is the insurer of benefits under the Farmers Insurance, Inc. Medical Plan, and acted in the capacity of a claims administrator. The Plan issued by United is identified by Group No. 714867.

6. The medical claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## FIRST CAUSE OF ACTION AGAINST
## UNITED HEALTHCARE INSURANCE COMPANY AND
## FARMERS GROUP, INC. MEDICAL PLAN
## FOR DENIAL OF BENEFITS

7. Plaintiff incorporates by reference paragraphs 1 through 6 as though fully set forth herein.

8. McMahan became entitled to benefits under the terms and conditions of the Plan insured and administered by Defendant United.

9. McMahan is a 36-year old woman who has suffered from morbid obesity, and related conditions of joint pain, sleep disturbance, acid reflux and bone spurs, for several years.

10. On or about June 24, 2010, McMahan sought coverage for obesity surgery. Defendant United declined to cover this surgery on the basis that such health care services were not covered under her Plan. McMahan appealed this denial, providing United with her medical history and information about her condition.

11. United upheld its denial of benefits for McMahan's treatment, and invited her to submit a second appeal.

12. McMahan appealed a second time, and provided additional information to support her right to health care services.

13. United upheld its denial on appeal by claiming that there was a "typographic error" in the Benefit Plan document.

14. Defendants wrongfully denied McMahan's claim for benefits, in the following respects:

    (a) Failure to pay medical benefit payments to McMahan at a time when Defendants knew, or should have known, that McMahan was entitled to those benefits under the terms of the Plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the plan documents, in relation to the applicable facts and plan provisions, for the denial of McMahan's claims for medical benefits;

    (c) After McMahan's claims were denied in whole or in part, failure to adequately describe to McMahan any additional material or information necessary for McMahan to perfect the claims along with an explanation of why such material is or was necessary;

    (d) Failure to properly and adequately investigate the merits of McMahan's claims and/or provide alternative courses of treatment.

15. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied McMahan's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

16. Following the denial of McMahan's claims for benefits under the Policy, McMahan exhausted all administrative remedies required under ERISA, and performed all duties and obligations on McMahan's part to be performed.

17. As a proximate result of the denial of medical benefits due McMahan, McMahan has been damaged in the amount of all of the medical bills incurred for McMahan's treatment, in a total sum to be proven at the time of trial.

18. As a further direct and proximate result of this improper determination regarding McMahan's medical claims, Plaintiff, in pursuing this action, has been

required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19. Due to the wrongful conduct of the Defendants, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST UNITED HEALTHCARE INSURANCE COMPANY AND FARMERS INSURANCE, INC. MEDICAL PLAN FOR EQUITABLE RELIEF

20. Plaintiff refers to and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits for McMahan, and the resulting injuries and damages sustained by McMahan as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to McMahan, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction requiring Defendants to immediately qualify McMahan for medical benefits due and owing under the Plan, and;

(c) Such other and further relief as the Court deems necessary and proper to protect McMahan's interests as a participant under the Policy.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health insurance benefits to the Plaintiff pursuant to McMahan's health insurance coverage under the Plan;

COMPLAINT

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: January 12, 2011                    KANTOR & KANTOR, LLP

                                              BY:  /s/ Lisa S. Kantor
                                                   Lisa S. Kantor
                                                   Attorneys for Plaintiff,
                                                   Suzanna McMahan

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SUZANNA MCMAHAN

## DEFENDANTS
UNITED HEALTHCARE INSURANCE COMPANY; and FARMERS GROUP, INC. MEDICAL PLAN

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kantor & Kantor LLP, 19839 Nordhoff Street, Northridge, CA 91324

Attorneys (If Known)
**'11CV0063 L    BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 1132

Brief description of cause:
Action under ERISA for long term disability benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: January 12, 2011

SIGNATURE OF ATTORNEY OF RECORD: /s/ Lisa S. Kantor

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____